UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donnell Summersett, #09110-021,         ) | **C/A No. 6:07-803-PMD-WMC** |
|                                          ) | |
|                     Petitioner,   ) | |
|                                          ) | |
| vs.                                      ) | |
|                                          ) | **Report and Recommendation** |
| D. F. Bauknecht, Warden,                 ) | |
|                                          ) | |
|                     Respondent.   ) | |
| _____) | |

The petitioner, Donnell Summersett ("Petitioner"), proceeding *pro se*, brings this habeas action pursuant to 28 U.S.C. § 2241. Petitioner is presently confined at the Williamsburg Federal Correctional Institution in Salters, South Carolina, and files this action *in forma pauperis*. Petitioner challenges the authority of the Bureau of Prisons (BOP) to establish, through the Inmate Financial Responsibility Program (IFRP), the amount and timing of payments to collect criminal monetary penalties imposed by the United States District Court for the Southern District of Georgia (sentencing court) as part of Petitioner's criminal conviction.

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the Rules Governing Section 2254 Cases[1], the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*,

---

[1] "The district court may apply any or all of these rules to a habeas corpus petition [including § 2241] not covered by Rule 1(a)." Rule 1, Rules Governing Section 2254 Cases.

Dockets.Justia.com

64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Since Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, the *pro se* Petition is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Petitioner was convicted of drug charges in the Southern District of Georgia and sentenced on October 8, 1996 to two concurrent life sentences. The sentencing court also imposed a twenty-five thousand dollar ($25,000) fine, due in full immediately. The Schedule of Payments part of the criminal judgment also states:

> Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544 except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the Court, the probation officer, or the United States Attorney.

Exhibit 2 to Petition. Petitioner filed a grievance seeking an administrative remedy, and has followed the grievance process through a Central Office Administrative Remedy Appeal, at every level requesting BOP to cease collecting the fine through the IFRP program. In response to his Regional Administrative Remedy Appeal, the BOP explained to Petitioner that:

> [Y]ou have a lawful court-imposed financial obligation with an outstanding balance. You agreed to execute a financial plan according to Program Statement 5380.08, <u>Inmate Financial Responsibility Program</u>. You may choose to change or discontinue the financial plan anytime by submitting a written request to your unit team. If you choose to withdraw from the established financial plan without proper justification, the effect from non-participation will be imposed according to agency policy.

Exhibit 4 to Petition. In response to Petitioner's Central Office Administrative Remedy Appeal, the BOP further elaborated:

> The IFRP is a voluntary program, however, if you choose not to participate, you will be placed in IFRP REFUSE status and incur consequences. The consequences consist of the removal of privileges which are not guaranteed to the inmate by the U.S. Constitution (i.e., no outside work details, lowest housing status, no pay increases, etc.)

Thus, Petitioner's administrative remedy was denied on February 23, 2007.

### **Discussion**

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is the correct avenue for challenging the manner in which a sentence is being executed. Petitioner's challenge to use of the IFRP to collect court-imposed fines concerns the execution of his sentence, and therefore is correctly framed as a habeas claim under § 2241. *See Matheny v. Morrison*, 307 F. 3d 709, 712 (8th Cir. 2002); *United States v. Childs*, 126 F. Appx. 96 (4th Cir. 2005) (unpublished)(challenge to implementation of criminal fines does

3

not seek release from custody, thus arises under § 2241 not § 2255);[2] *Blaik v. United States*, 161 F. 3d 1341, 1342-43 (11th Cir. 1998) (collecting cases holding that a § 2255 motion may not be used for challenging fines or restitution orders).

Petitioner contends that under *Miller v. United States,* 77 F.3d 71 (4th Cir. 1996), it is the non-delegable duty of the district court to set the timing and amount of payments to satisfy the court ordered fine, depriving BOP of the authority to do so using the IFRP.[3] Here, Petitioner was directed to pay a $25,000 fine due "immediately." The judgment allows the fine to be paid "through the Bureau of Prisons Inmate Financial Responsibility Program," but does not require participation in the IFRP, although full payment during Petitioner's "period of imprisonment" is required. Exhibit 2 to Petition.

The Fourth Circuit held in *Miller* that "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer." *Miller* at 78. However, directing payment due during Petitioner's imprisonment sets "the length of time over which scheduled payments will be made." 18 U.S.C. § 3572(d)(2). Further, the judgment in this case, unlike the judgment involved in *Miller*, does not affirmatively delegate the task of setting payment amounts to the BOP, but simply acknowledges that the fine *may* be paid through the BOP's financial program. The requirement to make payment "immediately" is generally interpreted to require payment to the

---

[2] 28 U.S.C. § 2255 is used to challenge the validity of the sentence itself.

[3] Statutory authority to establish payments is found in 18 U.S.C. § 3572(d)(1), which states in relevant part, "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments."

extent possible, and to begin as soon as possible. *Coleman v. Brooks,* 133 F.App'x 51, 53 (4th Cir. 2005) (unpublished).

The BOP, through the IFRP, provides Petitioner a means to comply with the court directive and statutory requirement to pay "immediately." The BOP is not executing the fine pursuant to an improper delegation of authority as presented in the Petition, as the IFRP is a voluntary program of the BOP which provides an avenue for collection of payments toward a monetary penalty imposed by court order. *See* 28 C.F.R. § 545.10-545.11 (2000). The BOP, through the IFRP, simply offers Petitioner a tool to assist him in the mechanics of complying with the order of the sentencing court. Participation in the IFRP does not establish a violation of the holding in *United States v. Miller*, 77 F. 3d 71 (4th Cir. 1996), as Petitioner claims. *United States v. Watkins*, 161 F. App'x 337 (4th Cir. 2006)(unpublished); *Coleman v. Brooks*, 133 F. App'x 51, 53 (4th Cir. 2005) (unpublished); *see also Matheny v. Morrison*, 307 F. 3d at 712 (holding that BOP has discretion to place inmate in IFRP when sentencing court has ordered immediate payment of court imposed fine) (*citing McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) and *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549-50 (9th Cir. 1998)). For the foregoing reasons, no relief is available to Petitioner from this Court.

### Recommendation

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without service upon the respondents. See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the

Petitioner's claims are either barred from review or without merit).  **Petitioner's attention is directed to the important notice on the next page.**

               Respectfully Submitted,

               s/William M. Catoe
               United States Magistrate Judge

April 6, 2007
Greenville, SC

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).