**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Donnell Summersett, #09110-021, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 6:07-803-PMD-WMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| D.F. Baucknecht, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court upon *pro se* Petitioner Donnell Summersett's ("Summersett" or "Petitioner") petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). In his R&R, the Magistrate Judge recommends dismissing Summersett's petition without prejudice and without issuance or service of process. A party may object, in writing, to a R&R within ten days after being served with a copy. 28 U.S.C. § 636(b)(1). Summersett filed timely objections to the R&R.

**BACKGROUND**

Petitioner was convicted in the Southern District of Georgia on drug charges pursuant to 21 U.S.C. § 841. He was sentenced on October 8, 1996 to two concurrent life sentences. The sentencing court also imposed a twenty-five thousand dollar ($25,000) fine, due in full immediately. (R&R at 2.) Petitioner now brings this § 2241 action for writ of habeas corpus, challenging the Board of Prisons' ("BOP") right to collect this fine through the BOP's Inmate Financial Responsibility Program ("IFRP"). (Petition at 4-5.) Petitioner alleges that the his participation in the IFRP is involuntary and usurps the "core judicial functions" of an Article III court. On these

1

grounds, Petitioner argues that the BOP's preferred vehicle for collecting his criminal fine violates the rule announced in *Miller v. United States*, 77 F.3d 71 (4th Cir. 1996). (Petition at 4-5.)

On April 6, 2007, after reviewing Petitioner's § 2241 action, Magistrate Judge William M. Catoe issued a R&R recommending that Summersett's § 2241 petition be dismissed without prejudice. Magistrate Judge Catoe stated that the BOP's IFRP merely offers Petitioner a voluntary program to "assist him in the mechanics of complying with the order of the sentencing court." (R&R at 5.) Accordingly, the Magistrate Judge found that the BOP's IFRP is not an unlawful delegation of authority as Summersett's petition claims, nor does it violate the holding in *Miller*. (Id.) For this reason, the Magistrate Judge found that the petition failed to state a cognizable claim and recommended that the matter be summarily dismissed.[1]

Petitioner has filed timely objections to the Magistrate Judge's recommendation.

## STANDARD OF REVIEW

### A.     Review of Magistrate Judge's R&R

This court makes a *de novo* determination of any portion of a Magistrate Judge's R&R to which a specific objection is registered. The court may accept, reject, or modify, in whole or in part, the recommendations contained in the R&R. 28 U.S.C. § 636(b)(1). After a review of the record,

---

[1] The district court has broad authority to review prisoners' petitions and dismiss complaints that do not state cognizable claims pursuant to 28 U.S.C. § 1915A.
    28 U.S.C. § 1915A provides,
    **(a) Screening**. --The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
        **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        **(2)** seeks monetary relief from a defendant who is immune from such relief.

2

the R&R, and the Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**B.      28 U.S.C. § 1915A – Failure to State a Claim**

Dismissals under 28 U.S.C. § 1951A for failure to state a claim require the same standard of review as dismissals under Rule 12(b)(6). *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999); *Davis v. District of Columbia,* 158 F.3d 1342, 1348 (D.C.Cir. 1998). Under this well-known standard, the court should not dismiss a complaint for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Roads Regional Jail,* 407 F.3d 243, 248 (4th Cir. 2005); *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). "Moreover, when such a dismissal involves a civil rights complaint, "we must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.,* 840 F.2d 1149, 1152 (4th Cir. 1988).

## ANALYSIS

In his objections, Petitioner reasserts his claim that coerced participation in the BOP's IFRP violates the Eighth Amendment by allowing the district court to abdicate its core judicial function of sentencing. Petitioner asserts that the Magistrate Judge erred in finding that this unlawful delegation of judicial power does not violate the holding announced in *Miller v. United States*, 77

F.3d 71 (4th Cir. 1996).  In *Miller*, the Fourth Circuit acknowledged that a district court unlawfully abdicates a "core judicial function" when it allows the BOP to assess the amount of a criminal fine and set the timing of installment payments to satisfy that fine.  *Id.* at 78.  The *Miller* Court also stated that "responsibility for determining installment payments" rests exclusively with the district court.  *Id.*  Petitioner asserts that because the BOP is setting the *amount* and *timing* of the payment of the fine and/or restitution payments, the court has abdicated its core judicial function in violation of *Miller*.  (Objections at 4.)

The court finds, however, that the holding in *Miller* does not stand for the proposition that a prisoner's participation in the BOP's IFRP program is an abdication of the court's "core judicial function."  In accordance with 18 U.S.C. § 3572(d)(1), the sentencing court has already determined the amount and timing of the criminal fine Petitioner must pay; Petitioner has already been directed to pay a $25,000 fine due immediately.  The sentencing court has never permitted, nor authorized, the BOP to determine installment payments or set the timing of those payments, nor did the court relinquish to the prison system or the IFRP ultimate authority to establish its own criminal fine.  Instead, the sentencing court merely permits plaintiff to pay his criminal fine, due immediately, through the BOP's financial program.  The court's decision is consistent with the Fourth Circuit's ruling in *Coleman v. Brooks*, 133 F. App'x 51, 53 (4th Cir. 2005) (unpublished), which held that fines due immediately are to be paid to the greatest extent possible and as soon as possible.  As such, allowing Petitioner to participate in the IFRP is not an abdication of the sentencing court's core judicial functions; the IFRP simply allows the prisoner to satisfy payment of his criminal fine through a BOP program.

This court recently decided a case on nearly identical facts.  *See Webb v. Hamidullah*, 2006

WL 1946441 (D.S.C. July 11, 2006). In *Webb*, after reviewing a petitioner's allegations that participation in an IFRP program violated *Miller*, the court ruled that such a program only "provides Petitioner a *means* to comply with the court directive and statutory requirement." *Id.* at *1. *Webb* recognized that the IFRP is not a substitute for the "core judicial function" of the sentencing court with regards to establishing a criminal fine; rather, the IFRP program is only a vehicle for ensuring payment is made. Accordingly, the principles of law laid out in *Miller* were not implicated. *Id.*

Petitioner also objects to the Magistrate Judge's characterization of his participation in IFRP as "voluntary," noting that he is subject to adverse consequences for noncompliance. (Objections at 2-3.) Petitioner asserts that "any type of coercion on the par[t]y or any party to an agreement nullifies any such notion of voluntary participation." (Id. at 3.) The court notes, however, that the BOP retains discretion to place an inmate in IFRP in order to achieve compliance with the sentencing court's directives. *See Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002). Petitioner was convicted of his crime and has been assessed a criminal fine. Whether or not he participates in an IFRP program, he must still satisfy payment of that fine due immediately. The IFRP exists only as a means to achieve compliance with the court's directive. As such, the court finds that Petitioner's objection is without merit.

Because it is established that the district court does not abdicate its "core judicial function of sentencing" where a prisoner participates in the IFRP, the Magistrate Judge correctly found that Summersett's § 2241 petition does not state a cognizable claim. For this reason, the court adopts the Magistrate Judge's recommendation that this matter be dismissed pursuant to 28 U.S.C. § 1915A.

**CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that Petitioner Donnell Summersett's petition for writ of habeas corpus is **DISMISSED** without prejudice and without issuance or service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 4, 2007.**

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.